UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALE ROBERT SHAW,

          Petitioner,

    v.

DONALD HOLBROOK,

          Respondent.

Case No. C19-0488-TSZ-MAT

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner, a state prisoner, is proceeding *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 habeas action. After screening petitioner's habeas petition, the Court determined that his claims could not go forward and ordered him to show cause why he should be permitted to proceed. (Dkt. 8.) The Court explained why his claims were deficient and informed him that if he did not show cause by June 10, 2019, the Court would recommend that this matter be dismissed. (*See id.*) To date, petitioner has not responded. Accordingly, the Court recommends that petitioner's habeas petition be DENIED and this action be DISMISSED.

## II. BACKGROUND

Petitioner pleaded guilty to two counts of violating a court order and was sentenced to 41-

REPORT AND RECOMMENDATION - 1

months imprisonment on March 2, 2011. (Dkt. 3-1 at 1.) Petitioner did not appeal. (*Id.* at 2.) On January 8, 2015, petitioner was released on supervision. (Dkt. 3-3 at 1.) Petitioner's release was revoked in 2018 and the Department of Corrections ("DOC") Appeals Panel affirmed the revocation order on October 22, 2018. (Dkt. 3-1 at 6.) Petitioner has not sought review of that decision in the Washington State Courts. (*See generally id.*)

Petitioner now seeks to challenge the revocation of his release on supervision and execution of his sentence. (*See id.*) Petitioner states his four grounds for relief as follows: (1) "Malicious harassment by the Department of Corrections," in which he challenges the revocation of his release, arguing that the DOC based the decision on false information; (2) "My Judgement and sentence has [sic] been met except for the financial," in which he contends that he is entitled to release because the DOC improperly withdrew goodtime credits; (3) "The Original 11-1-00082-1 cause was set up by a DOC employee," in which he argues that he accepted a 48-month sentence in another cause so that this case would not be filed, and so he has been given a "double sentence"; and (4) "Physical and mental wellbeing," in which he asserts that he fled the state and supervision only because he was being set up with false violations. (*Id.* at 5-10.)

### III.   DISCUSSION

A.   <u>Ground 3 is barred by the statute of limitations</u>

Ground 3 challenges petitioner's March 2011 conviction and sentence and is barred by the statute of limitations. The one-year limitations period in § 2254 habeas actions starts to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

REPORT AND RECOMMENDATION - 2

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year limitations period is statutorily tolled for any properly filed collateral state challenge to the pertinent judgment or claim.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005).  Equitable tolling of the statute of limitations also may apply "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."[1]  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003); *see also Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

Based on the allegations in the petition, it appears that the statute of limitations began running on the date on which the judgment became final by the expiration of the time for seeking direct review.  This period expired years ago.  Petitioner never filed a personal restraint petition in the state courts to challenge his conviction or sentence, and there are no allegations that suggest the high bar for equitable tolling is satisfied here.  Accordingly, Ground 3 should be dismissed with prejudice as time-barred.

B.  <u>Petitioner failed to exhaust Grounds 1, 2, and 4</u>

Grounds 1, 2, and 4 are barred because petitioner failed to exhaust his state remedies. Before seeking federal habeas relief, a state prisoner must exhaust the remedies available in the state courts.  There are two avenues by which a petitioner may satisfy the exhaustion requirement. First, a petitioner may properly exhaust his state remedies by "fairly presenting" his claim in each

---

[1] There is also an equitable exception to the statute of limitations for a credible showing of actual innocence, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), but there is no suggestion that this exception applies here.

REPORT AND RECOMMENDATION - 3

appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition." *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005).

Second, a petitioner may technically exhaust his state remedies by demonstrating that his "claims are now procedurally barred under [state] law." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (quoting *Castille v. Peoples*, 489 U.S. 436, 351 (1989)); *see also Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc). If the petitioner is procedurally barred from presenting his federal claims to the appropriate state court at the time of filing his federal habeas petition, the claims are deemed to be procedurally defaulted for purposes of federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Federal habeas review of procedurally defaulted claims is barred unless the petitioner can either demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 724 (2007).

Grounds 1, 2, and 4 are not properly exhausted because petitioner has not raised them in a personal restraint petition in the state courts. It also appears that these grounds for relief are not technically exhausted because they are related to the recent revocation of his supervised release and therefore unlikely to be procedurally barred under state law. Accordingly, petitioner cannot proceed with these claims in this federal habeas action at this time, and they should be dismissed without prejudice.

/ / /

### IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that petitioner is not entitled to a certificate of appealability for any of his grounds for relief.

### V.   CONCLUSION

The Court recommends petitioner's habeas petition be DENIED, Ground 3 be DISMISSED with prejudice, and Grounds 1, 2, and 4 be DISMISSED without prejudice. The Court further recommends that a certificate of appealability be DENIED as to all grounds for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 9, 2019**.

/ / /

Dated this <u>12th</u> day of July, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6